UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| BRENDA LEE MADURO COLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:17-cv-01591-JAW |
| | ) | |
| COCA-COLA PUERTO RICO BOTTLERS, | ) | |
| a/k/a CCI LIMITED PARTNERSHIP | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO STAY PROCEEDINGS AND REITERATED
MOTION TO WITHDRAW**

Plaintiff initiated a lawsuit against a business and its insurer, alleging that one of the company's employees was negligent in his handling of a company motor vehicle and caused her personal injuries. While the case was pending, the insurer became insolvent and the Court of First Instance San Juan Part issued a liquidation order against the insurer. In accordance with a Puerto Rico statute, the Puerto Rico Guaranty Association of Miscellaneous Insurance, which assumed the position of the insolvent insurer, moved to stay the proceedings for at least six months to evaluate the plaintiff's claim. The motion to stay raises unsettled and difficult legal issues, but the Court grants the motion because of its perception of the need for comity for the state court order. However, the Court expects the Guaranty Association to act expeditiously to name new defense counsel and to evaluate the case so that this Court may expeditiously resolve without unnecessary delay the personal injury lawsuit now pending in this Court.

## I.    BACKGROUND

On May 5, 2017, Brenda Lee Maduro Colon filed a lawsuit in the United States District Court for the District of Puerto Rico against Coca-Cola Puerto Rico Bottlers, a/k/a CC1 Limited Partnership (Coca-Cola) and Real Legacy Assurance Company, Inc., claiming that she was injured while operating a motor vehicle on August 12, 2013 because of the negligence of an employee of Coca-Cola. *Compl.* (ECF No. 1). On July 17, 2017, Coca-Cola and Real Legacy Assurance answered the Complaint. *Answer to Compl.* (ECF No. 13).

On September 4, 2018, the Court ordered counsel to file a joint proposed pretrial order on or before October 1, 2018. *Order* (ECF No. 33). On October 1, 2018, the parties duly filed the joint pretrial report. *Jt. Proposed Pre-Trial Order* (ECF No. 35). However, also on October 1, 2018, the Defendants filed an informative motion requesting the rescheduling of the pretrial conference on the ground that the Commissioner of Insurance of the commonwealth of Puerto Rico had issued an order of rehabilitation against Real Legacy Assurance. *Informative Mot. Requesting Rescheduling of Pretrial Conf.* (ECF No. 36). In response, on October 2, 2018, Ms. Maduro Colon filed a motion to dismiss Real Legacy Assurance as a defendant. *Pl.'s Mot. to Dismiss Real Legacy Assurance Co., Inc.* (ECF No. 40). On October 3, 2018, Judge Gustavo A. Gelpi issued an order, granting the motion to dismiss Real Legacy Assurance, *Order Granting Mot. to Dismiss* (ECF No. 41), and Judge Gelpi issued a partial judgment, dismissing without prejudice Real Legacy Assurance the same day.

*Partial J.* (ECF No. 43).  On October 18, 2018, United States Magistrate Judge Marco E. Lopez held a pretrial and settlement conference and ordered:

> CC1 Limited Partnership is put on notice that, although they are entitled to change their legal representation, trial proceedings will not be delayed.  The discovery of the case will not be reopened, and trial will not be postponed should they choose to change legal representation.

*Mins. of Proceedings* at 1 (ECF No. 44).

The case continued to move toward trial.  On November 16, 2018, Ms. Maduro Colon filed two motions in limine.  *Mot.* in Limine *to Preclude Def. Coca-Cola from Introducing Unnamed and/or Unknown Witnesses or Witnesses Never Disclosed During Disc.* (ECF No. 47); *Mot.* in Limine *to Preclude Def. Coca-Cola from Changing its Factual Defenses and Theory* (ECF No. 48).  On December 11, 2018 and December 18, 2018 respectively, the Court addressed these motions, *Order* (ECF No. 55); *Min. Entry* (ECF No. 63).  The case was proceeding to trial.

On January 4, 2019, Attorney Navas-D'Acosta moved to withdraw as counsel for Coca-Cola, *Withdrawal of Legal Representation* (ECF No. 65), and on January 8, 2019, Judge Gelpi denied the motion without prejudice until new counsel appeared for Coca-Cola.  *Order* (ECF No. 66).

On January 25, 2019, Coca-Cola moved to stay the proceedings due to the liquidation order dated January 18, 2019 of the Court of First Instance San Juan Part, which decreed Real Legacy Assurance Company insolvent.  *Informative Mot. Requesting Stay of the Proceedings due to Liquidation Order Issued Against Real Legacy Assurance Company and Requesting Pretrial Conf. Scheduled for Jan. 29, 2019 be Left Without Effect* (ECF No. 71).  On January 29, 2019, Magistrate Judge

Lopez held the second pretrial conference in this case and discussed Coca-Cola's January 25, 2019 motion:

> ECF No. 71 was discussed. There is consensus that Real Legacy Assurance Company is not a party in this case. However, it is defendant's contention that, as an insurer of CC1 Limited Partnership, Real Legacy Assurance Company is required to defend CC1 Limited Partnership and thus, it is encompassed by the stay order issued by the Court of the First Instance San Juan Part. However, it is plaintiff's position that this order issued by a local court does not bind a federal court.

*Mins. of Proceedings* at 1 (ECF No. 75). On February 15, 2019, the case was reassigned to Senior United States District Judge John A. Woodcock, Jr. and on the same day, the matter was scheduled for a pretrial/settlement conference before Judge Woodcock for February 21, 2019. *Order Reassigning Case* (ECF No. 76).

On February 20, 2019, the day before the scheduled pretrial/settlement conference, the Puerto Rico Guaranty Association of Miscellaneous Insurance (Guaranty Association) through its Attorney Miriam González Olivencia moved to stay this case for a period of at least six months. *Mot. Requesting Stay of Proceedings Pursuant to Order of Liquidation* (ECF No. 80) (*Guaranty Mot. to Stay*). On February 21, 2019, the Court heard argument from Attorney González Olivencia on behalf of the Guaranty Association, from Attorney Navas-D'Acosta on behalf of Coca-Cola, and from Attorney Sanchez-La-Costa on behalf of Ms. Maduro Colon. The Court allowed the Guaranty Association to file a supplemental motion and for Ms. Maduro Colon to respond. They did so on February 28, 2019 and on March 6, 2019 respectively. *Mot. Supplementing Req. for Stay of Proceedings and Req. for Intervention* (ECF No. 81)

4

(*Guaranty Suppl. Mot.*); *Pl.'s Resp. in Opp'n to a Mot. to Stay Filed by a Non-Party P.R. Guaranty Assoc. Seeking to Radically Alter the Case* (ECF No. 84) (*Pl.'s Opp'n*).

Meanwhile, on February 28, 2019, the Court issued a Final Pretrial Order, setting the case for jury selection on May 13, 2019 with trial to commence immediately thereafter. *Final Pretrial Order* at 2 (ECF No. 82).

## II.   THE LEGAL POSITIONS

### A.   The Guaranty Association's Position

In its February 20, 2019 motion, the Guaranty Association represents that on September 28, 2018, the Puerto Rico Court of the First Instance, San Juan Part, issued a Rehabilitation Order, commencing a process of rehabilitation for Real Legacy Assurance Company pursuant to the Puerto Rico Insurance Code. *Guaranty Mot. to Stay* at 1.   On January 18, 2019, however, the Insurance Commissioner of the Insurance Commissioner's Officer of Puerto Rico filed a petition to convert the rehabilitation process for Real Legacy into a liquidation. *Id.*   On January 18, 2019, the Puerto Rico Court of the First Instance, San Juan Part, converted the rehabilitation process into a liquidation and "effectively ordered the permanent liquidation of Real Legacy." *Id.* at 2.   On January 18, 2019, the Puerto Rico Court of the First Instance issued its Liquidation Order. *Id.* Attach. 1, *Order of Liquidation* at 23) (*Order of Liquidation*).   The Guaranty Association states that the Puerto Rico Court of the First Instance ordered that "no litigation be continued against Real Legacy." *Id.* (citing *Order of Liquidation* ¶¶ 6, 32).

The Guaranty Association explains that the Liquidation Order required the Liquidator of Real Legacy to "notify all persons having claims against the estate of the insurer to file their corresponding claim in the liquidation [proceeding]." *Id.* (citing *Order of Liquidation* ¶ 46). The Liquidator then notifies the Guaranty Association that "as a result of the liquidation it may become obligated or liable as a result of the corresponding claims." *Id.* (citing *Order of Liquidation* ¶ 46). The Guaranty Association affirms that Coca-Cola has "filed a proof of claim requesting defense and coverage" in Ms. Maduro Colon's case. *Id.* at 3. The Guaranty Association says that the Insurance Commissioner has accepted the proof of claim and "has referred the above-captioned matter for further handling to the [Guaranty Association], since it may become obligated in regards to the captioned claim." *Id.* (citing *Order of Liquidation* ¶ 55).

The Guaranty Association represents that it had "referred the above captioned case for handling" to Attorney González Olivencia "to defend the same in accordance to Chapter 38 of the Insurance Code, and the limits and dispositions thereof. [Attorney González Olivencia] was designated the handling of this case in accordance with the $300,000.00 statutory limits, and to raise all of the defenses afforded to the Guaranty Association . . .." *Id.* (citing 26 P.R. LAWS ANN. § 3808(a)(2)).

Regarding its request for a six-month stay, the Guaranty Association quotes Article 39.180:

> All proceedings where an insolvent insurer is a party, or is obligated to defend a party in any court in Puerto Rico, will be stayed for a period of six (6) months or for such an additional term that the court deems proper, from [the] date of which the insolvency has been determined or

in which an auxiliary proceeding was instituted in Puerto Rico, as described in section 4049 of this title, whichever is greater, to allow the Association an adequate defense in all cases pending.

*Id.* at 3-4 (citing § 3818). The Guaranty Association says that the Liquidation Order contains similar language. *Id.* at 4 (citing *Order of Liquidation* ¶ 6). In fact, the Guaranty Association contends that under the Liquidation Order, if a judgment is issued, it "may request that the same be rendered null or void by the Court that issued the same, to permit the defense of the same on its merits." *Id.* (citing *Order of Liquidation* ¶ 6).

The Guaranty Association argues that because this Court's jurisdiction is based on diversity, "Puerto Rico substantive law rules." *Id.* In support of its position, the Guaranty Association cites *García v. Rivera*, 879 F. Supp. 170 (D.P.R. 1995), arguing that the district court "dismissed a third party complaint filed against the appearing party for attorney's fees, because it did not constitute a covered claim pursuant to Article 38.050 of the Insurance Code." *Id.* at 5. The Guaranty Association maintains that the six-month period is mandated "based in part on the Guaranty Association's limited funds." *Id.* It also explains that Ms. Maduro Colon's claim is but "one of hundreds of claims that must be handled by the Guaranty Association and that [as of the date of filing], the liquation of Real Legacy was instituted just over a month ago." *Id.* It writes that "[d]uring the six[]-month period of the stay mandated by law, the Guaranty Association evaluates all of the claims referred to it by the Insurance Commissioner for handling, as a whole, to determine if and how the monies received from these assessments imposed upon the solvent

insurers will be distributed to all of the claimants with covered claims." *Id.* (citation omitted).

## B.      The Guaranty Association's Supplemental Position

In its supplemental memorandum, the Guaranty Association states that the McCarran-Ferguson Act delegated the regulation of insurance to the states. *Guaranty Suppl. Mot.* at 3-4 (citing 5 U.S.C. §§ 1, 2(a)(b)). The Guaranty Association maintains that in *MRCo, Inc. v. Juarbe-Jimenez*, 521 F.3d 88 (1st Cir. 2008), the First Circuit "determined that in a case of diversity, substantive insurance law rules." *Id.* at 6. The Guaranty Association argues that in *MRCo* the First Circuit held that the Puerto Rico Insurance Code precluded "*any judicial action*" from being brought against insurer or the Puerto Rico Insurance Commissioner upon the Commissioner's appointment as liquidator. *Id.* (emphasis in original).

The Guaranty Association writes that the First Circuit was "not convinced" by the argument that "Puerto Rico, by statute or any judicial order, cannot divest the District Court of its jurisdiction to hear a case." *Id.* The Guaranty Association quotes the First Circuit in *MRCo*:

> To hold that the district court may entertain MRCo's claims would, in effect, create a cause of action for MRCo that is denied to citizens of Puerto Rico who are unable to invoke the jurisdiction of the federal courts through diversity. That being said, our decision does not strand MRCo without a potential remedy for the wrong it alleges; it simply clarifies that the remedy, if any, lies with the liquidation proceedings rather than in the federal district court.

*Id.* at 7 (quoting *MRCo*, 521 F.3d at 96). The Guaranty Association contends that "[t]he statutory disposition mandating the six month stay [as] contained in the Puerto

Rico Insurance Code as well, does not strand the plaintiff in the captioned case, nor does it deprive her of her cause of action. It merely mandates the temporary stay of the proceedings." *Id.* at 8 (citing § 3818).

Noting that the Puerto Rico Insurance Code is modeled on the Model Insurance Guaranty Act, the Guaranty Association points out that other states have adopted the same act and the result has been the same. *Id.* at 8 (citing *Snyder v. Douglas*, 647 So. 2d 275 (Fla. Dist. Ct. App. 1994)).

Finally, the Guaranty Association notes that trial is now scheduled for the week of May 13, 2019 and by that time Ms. Maduro Colon will have waited four months after the liquidation order was issued and "plaintiff's rights will not be hindered to wait at least two more months for trial." *Id.* at 8-9.

## C.   Brenda Lee Maduro Colon's Response

In Ms. Maduro Colon's response, she contends that the Guaranty Association has failed to demonstrate that it has the right to intervene under Federal Rule of Civil Procedure 24(a)(2) in this personal injury case between a personal injury plaintiff and the employer of the alleged tortfeasor. *Pl.'s Opp'n* at 4. Ms. Maduro Colon argues that the Guaranty Association's motion is untimely, that, as a non-party, it has failed to demonstrate a legally protectible interest in this lawsuit, that it has no real interest in this lawsuit, and that Coca-Cola is able to adequately represent its interest. *Id.* at 4-8. Ms. Maduro Colon also maintains that the Guaranty Association has not satisfied the standard of "hardship" that is required in order for a court to grant a stay. *Id.* at 9.

9

## III.   DISCUSSION

### A.   Real Party in Interest

Whether this Court may proceed in this case in the face of the Liquidation Order is unclear.  The Court can make some determinations.  Neither Real Legacy nor the Guaranty Association is a real party in interest to the lawsuit between Brenda Lee Madura Colon and Coca-Cola.  Judge Gelpi's October 3, 2018 order granted the dismissal of Real Legacy as a named defendant and Magistrate Judge Lopez's minute entry of the January 25, 2019 second pretrial conference confirmed that "[t]here is consensus that Real Legacy Assurance Company is not a party in this case." *Min. Entry* at 1.  If Real Legacy was not a real party in interest, the Court is not convinced that the Guaranty Association, which now stands in its shoes, would of right assume a position in this lawsuit that Real Legacy could not.

In this sense, Guaranty Association's exact role is unusual.  Not a party in interest, the basis for its intervention to file a motion in this personal injury case is unexplained.   In fact, Ms. Maduro Colon argues strenuously that Guaranty Association has no right to raise these issues because it is not a real party in interest and its standing to insist upon a stay is dubious.  For the moment, the Court will assume, without deciding, that the Guaranty Association has the right to intervene in a personal injury case to enforce the Puerto Rico statutory stay.

### B.   "Obligated to Defend a Party"

This only begins the discussion.  Section 3818 of title 26 applies to "[a]ll proceedings in which the insolvent insurer . . . is bound to defend a party . . . ."  Here,

pursuant to its insurance contract with Coca-Cola, Real Legacy apparently had a duty to defend Coca-Cola in Ms. Madura Colon's lawsuit and the record reflects that it hired defense counsel to represent its insured. After the Court of First Instance San Juan Part issued its September 28, 2018 rehabilitation order, Attorney Navas-D'Acosta, the lawyer Real Legacy designated to represent Coca-Cola, moved to withdraw, but Judge Gelpi denied Attorney Navas-D'Acosta's motion until a new attorney entered an appearance for Coca-Cola. This has not yet occurred.

Oddly phrased, Attorney González Olivencia's entry of appearance in this case appears to be on behalf of the Guaranty Association, not Coca-Cola: "**COMES NOW the Puerto Rico Guaranty Association of Miscellaneous Insurance, in the interest of COCA COLA PUERTO RICO BOTTLERS a/k/a CC1 LIMITED PARTNERSHIP, Insured of Real Legacy in Liquidation**." *Guaranty Mot.* at 1 (emphasis in original). In its supplemental motion, the Guaranty Association wrote:

> On February 21, 2019, the Puerto Rico Guaranty Association of Miscellaneous Insurance, in the interest of COCA COLA PUERTO RICO BOTTLERS a/k/a CC1 LIMITED PARTNERSHIP filed a motion to stay proceedings and to accept subscribing counsel as its legal representative.

*Guaranty's Suppl. Mot.* at 1. Again, it appears that Attorney González Olivencia is acting as the Guaranty Association's attorney, not Coca-Cola's defense counsel, and it is not evident from the filings that the Guaranty Association's interests and Coca-Cola's interests are entirely coincident.

At the February 21, 2019 conference, the Court questioned whether Guaranty Association acknowledged it had assumed Real Legacy's obligation to defend Coca-

Cola, and in Guaranty Association's supplemental response, Guaranty Association wrote:

> The Court also . . . had queries if the undersigned would represent Coca Cola.  To answer this last query, Coca Cola has requested defense and coverage of the Guaranty Association and the Guaranty Association will provide said defense and coverage pursuant to the underlying provisions of the original policy issued by Real Legacy Assurance Company and Chapter 38 of the Insurance Code.

*Id.* at 3.  By this language, the Court assumes that Guaranty Association recognizes its obligation to provide a defense and coverage to Coca-Cola, but the docket fails to reflect that it has lived up to the defense obligation.

Nevertheless, this language suggests that the insolvent insurer, Real Legacy, and its successor, Guaranty Association, recognize that they are "obligated to defend a party."  § 3818.  The statutory language having been fulfilled, if this case were pending in state court in Puerto Rico, section 3818 would apply and the Madura Colon lawsuit would be stayed for at least six months.

## C.    Applicability of Section 3818 to Pending Federal Proceedings

The Court turns to the next question: whether section 3818 applies to a lawsuit against the insolvent insurer's insured pending in federal court in Puerto Rico as of the date of the Liquidation Order.  The statute refers to "the courts of Puerto Rico." § 3838 ("All proceedings in which the insolvent insurer is a party or is bound to defend a party <u>before the courts of Puerto Rico</u> . . ..") (emphasis supplied).  A straightforward reading suggests that this statute does not apply to this Court because the federal court is a court of the federal government, not a court "of Puerto Rico."  Furthermore, if the Maduro Colon lawsuit were based on federal law, as opposed to this Court's

diversity jurisdiction, "one would argue in vain that the cited Puerto Rican statute, or any state statute, strips this court of original jurisdiction over a claim arising under federal law." *Otero-Merced v. Preferred Health Inc.*, 680 F. Supp. 2d 388, 391 n.4 (D.P.R. 2010).

By the same token, if the Guaranty Association were arguing that the Puerto Rico statute deprived this Court of its diversity jurisdiction, its claim would also fail. As the First Circuit observed in *MRCo*, "[t]he jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress." *MRCo*, 521 F.3d at 95 (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939)). Thus "[o]nce Congress has conferred subject matter jurisdiction on the federal courts, state law cannot expand or contract that grant of authority." *Id.* at 95-96; *Lester v. Lester*, No. 3:06-cv-1357-BH, 2009 U.S. Dist. LEXIS 101475 (N.D. Tx. Oct. 29, 2009) (citing *Marshall v. Marshall*, 547 U.S. 293, 314 (2006) (a state statute "can neither enlarge nor contract federal jurisdiction")).

But, the Guaranty Association is not claiming that section 3818 affects this Court's jurisdiction over Brenda Lee Madura Colon's case, it is claiming only that, as this Court is exercising diversity jurisdiction, it should apply Puerto Rico substantive law and stay, not dismiss, the case in a manner consistent with the Puerto Rico statute. Skipping for a moment over whether a state statute that mandates a stay by the federal court is substantive law, the Court assumes that a state statute which mandated a permanent stay of a federal case would effectively deprive the federal

13

court of its congressionally-authorized jurisdiction.  Here, a delay of six months may not impinge upon the federal court's jurisdiction, but a longer stay might.

The Guaranty Association cited the McCarran-Ferguson Act, 5 U.S.C. §§ 1, 2(a)(b), as authority for requiring this Court to stay Ms. Maduro Colon's case.  The Guaranty Association quotes the United States Supreme Court's *Quackenbush* opinion in which the Court wrote that "States, as a matter of tradition and express federal consent, have an important interest in maintaining precise and detailed regulatory schemes for the insurance industry."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 732 (1996).  But the proposition that states have primary responsibility for regulating the insurance industry does not resolve whether the state may, by enacting a statute, reach into the federal court and mandate that the federal court stay a pending personal injury action.

It is also not clear whether, for purposes of the stay, the type of lawsuit matters.  If Real Legacy (now the Guaranty Association) had been directly sued in an insurance dispute, the basis for staying such a claim would be more obvious.  But here the lawsuit is between Ms. Maduro Colon and Coca-Cola, and it would not seem that Coca Cola's insurance coverage issues should drive the resolution in this Court of Ms. Maduro Colon's personal injury claim against Coca-Cola.  More commonly, if there is a coverage issue, the dispute between the insurance company and its insured does not prevent the personal injury plaintiff from proceeding against the tortfeasor, leaving insurance issues for later resolution.

Here, for example, the Guaranty Association apparently has a coverage limit of $300,000. *Guaranty Mot. to Stay* at 3. If Ms. Maduro Colon is successful in obtaining a verdict of less $300,000 against Coca-Cola, it could be that the Guaranty Association simply pays Ms. Maduro Colon and the case is over. If she obtains a verdict in excess of the $300,000 coverage, the substitution of the Guaranty Association's coverage limits in place of whatever Real Legacy would be separately resolved along with whatever amount Coca-Cola itself might owe. Of course, if Ms. Maduro Colon is unsuccessful in proving that Coca-Cola was negligent, the case would be over as well. In these circumstances, it would seem more practical to hold the trial, determine whether the results present an issue, and, if so, stay the execution of judgment until these issues are resolved.

Nor does the Court find convincing the Guaranty Association's reliance on *MRCo* as authority for staying Ms. Maduro Colon's case. In *MRCo*, the First Circuit addressed a provision of the Puerto Rico Insurance Code that, upon the appointment of a liquidator of a domestic insurer, barred a new lawsuit against the insurer or the liquidator. 521 F.3d at 93 (citing 26 P.R. LAW ANN. § 4021(1)). The *MRCo* Court merely concluded that because the federal court was required to apply state law in the exercise of its diversity jurisdiction, it was required to apply this provision of the Puerto Rico Insurance Code. *Id.* at 96. It quoted with approval a Seventh Circuit case, *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002), which wrote that "[i]f state substantive law has denied a plaintiff a remedy for his cause of action, the

district court [sitting in diversity] must dismiss the complaint for failure to state a claim upon which relief may be granted."

Here, in mandating the six-month stay, the Puerto Rico Insurance Code does not appear to be defining a matter of substantive law.

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Furthermore, "whether to grant a motion to stay a proceeding lies within a judge's discretion." *Martin v. Boulevard Motel Corp.*, No. 2:14-cv-00168-JAW, 2016 U.S. Dist. LEXIS 5583, at *2 (D. Me. Jan. 14, 2016). Thus, the Puerto Rico statute directs a federal court how it must exercise its inherent power, a situation quite different from restricting by statute the claims available under state law. The only other case cited by the Guaranty Association is *Snyder v. Douglas*. But *Snyder* has no bearing on the issues before this Court. In *Snyder*, a Florida litigant filed a legal malpractice lawsuit in state of Florida court against a law firm the day before the law firm's insurance appointed a liquidator for the malpractice insurer. 647 So. 2d at 276. Shortly thereafter, the liquidator issued an order for a six-month stay of the proceeding. *Id.* at 276-77. The plaintiff objected to the stay, arguing that it violated a provision of the Florida Constitution that mandates free access of citizens to the courts for redress of injury without unreasonable delay or restriction. *Id.* at 276. Not surprisingly, the Florida Court of Appeal ruled that the automatic six-month stay did not violate the Florida

Constitution. *Id.* at 279.  However, the Florida Court of Appeal observed that if the case were extended beyond the six-month initial period, it would be "subject to the discretion of the trial court." *Id.*

In short, the Guaranty Association's demand that the Court stay the trial currently scheduled for May 13, 2019 presents numerous unresolved and thorny legal issues.

### D.    Comity

The Court resolves the Guaranty Association's motion on an issue not raised by the parties: comity.  In his treatise, Federal Jurisdiction, Erwin Chemerinsky defined comity as "the deference federal courts owe to state courts as those of another sovereign."  ERWIN CHEMERINSKY, FEDERAL JURISDICTION at § 1.5 (6th ed. 2012). Professor Chemerinsky quotes Paul Finkleman, who wrote that comity is "the courtesy or consideration that one jurisdiction gives by enforcing the laws of another; granted out of respect and deference rather than obligation."  *Id.* at n.28 (quoting PAUL FINKLEMAN, AN IMPERFECT UNION: SLAVERY, FEDERALISM, AND COMITY, at 4 (1981)).

Here, on January 18, 2019, the Puerto Rico Court of the First Instance issued the Liquidation Order.  *Order of Liquidation.*  By its terms and as a matter of policy, the stay of six months is designed to allow the Guaranty Association to determine whether it provides coverage to Coca-Cola, to retain defense counsel to represent Coca-Cola in the Maduro Colon lawsuit, to assess Coca-Cola's liability for Ms. Maduro Colon's personal injuries, to analyze her claim of damages, and to make its own

17

independent determination of the potential settlement value of her claim.  The six-month initial stay would end in mid-July, about four months from today and about two from the currently scheduled trial.  The additional two months of delay from mid-May to mid-July seems proper to avoid the friction between the state and federal court systems that could result from this Court's rulings concerning the effectiveness of a state court stay order.

The Court is concerned about Ms. Maduro Colon's right to have her claim speedily resolved, about the further delay caused by a stay, and about the fact Ms. Maduro Colon is nearing seven years from the date of the accident and two from the date she filed suit.  Even so, Ms. Maduro Colon might be better off in the long run if the insurance issues in this case surrounding Coca-Cola, Real Legacy and the Guaranty Association are clarified.  If settlement is possible, it will be much easier to achieve if the parties are clear on the amount and potential availability of insurance coverage and if a verdict is to issue, it will be easier for her to collect on the judgment if the Guaranty Association formally acknowledges its obligations.  In fact, the Guaranty Association has already generally confirmed coverage and apparently is in the process of designating defense counsel to represent Coca-Cola so all that is left is for new defense counsel to analyze the case and report to the Guaranty Association. At the same time, if the Guaranty Association fails to act quickly and decisively concerning this case and no progress is made between now and July 19, 2019, the Guaranty Association will be required to file a much more detailed and convincing

memorandum in favor of any extension of the stay beyond the initial period of six months.

## IV.    REITERATED MOTION TO WITHDRAW

On March 13, 2019, Attorneys Néstor J. Navas D'Acosta and Carmen Lucía Rodríguez Vélez filed another motion to withdraw as counsel for Coca-Cola, asserting that Attorney Miriam González Olivencia has entered an appearance "in the interest of CC1," that is Coca-Cola.  *Mot. Reiterating Withdrawal of Legal Representation* (ECF No. 85).  As the Court noted earlier, however, it is unclear whether Attorney González Olivencia has in fact entered her appearance to defend this case on behalf of Coca-Cola.  The Court's understanding is that the interests of the Guaranty Association and Coca-Cola are not identical, and, in fact, Attorneys Navas D'Acosta and Rodríguez Vélez acknowledge in their motion that Coca-Cola may wish to be separately represented to defend its exposure beyond the limits of coverage provided by the Guaranty Association.  *Id.* at 3.

If Attorney González Olivencia has or intends to enter an appearance on behalf of Coca-Cola, as opposed to the Guaranty Association, the Court will have no difficulty granting Attorneys Navas D'Acosta and Rodríguez Vélez's reiterated motion to withdraw.  But Attorney González Olivencia must clarify her entry of appearance, if she is going to defend Coca-Cola in the pending lawsuit.  Alternatively, if the Guaranty Association hires new counsel to represent the interests of its insured, Coca-Cola, and new defense counsel enters an appearance, the Court will grant Attorneys Navas D'Acosta and Rodríguez Vélez's reiterated motion to withdraw.

However, for the moment, if Attorneys Navas D'Acosta and Rodríguez Vélez are permitted to withdraw, Coca-Cola will be without counsel to represent it in the pending lawsuit, despite having the right to a defense under either the Real Legacy policy or the Guaranty Association's assumption of the Real Legacy role, a situation so markedly improper that the Court declines, as did Chief Judge Gelpi, to allow a withdrawal without the appearance of new counsel.

## V.   CONCLUSION

The Court GRANTS the Puerto Rico Guaranty Association of Miscellaneous Insurance Motion Requesting Stay of Proceedings Pursuant to Order of Liquidation (ECF No. 80) and will stay this case until July 19, 2019.  The Court amends its Order scheduling this case for jury trial on May 13, 2019 and STAYS the provisions of its Final Pretrial Order (ECF No. 82).  The Court DISMISSES without prejudice Attorneys Navas D'Acosta and Rodríguez Vélez's Motion Reiterating Withdrawal of Legal Representation (ECF No. 85).

Between now and July 18, 2019, the Court expects the Guaranty Association to designate counsel to represent Coca-Cola Puerto Rico Bottlers, a/k/a CC1 Limited Partnership, to apprise itself of the discovery in this case, to assess its settlement value, and to resolve whether trial will be necessary.  If no defense counsel has entered an appearance on behalf of Coca-Cola Puerto Rico Bottlers, a/k/a CC1 Limited Partnership, by April 15, 2019, the Court ORDERS counsel for the Guaranty Association to file a report with the Court on April 15, 2019, explaining why the

Guaranty Association has not complied with its acknowledged duty to defend this case.

The Court further ORDERS counsel for the Guaranty Association to file a status report concerning this case no later than June 19, 2019 and if it intends to move for an extension beyond July 19, 2019, the Court will set a briefing schedule and will detail the issues that it will expect the Guaranty Association to more extensively brief.  If the matter is going to proceed to trial, the Court will reissue its Final Pretrial Order at that time with new deadlines.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March 2019.