UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| BRENDA LEE MADURO COLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:17-cv-01591-JAW |
| ) | |
| COCA-COLA PUERTO RICO BOTTLERS, ) | |
| a/k/a CCI LIMITED PARTNERSHIP ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR LEAVE TO APPEAR AND MOTION IN COMPLIANCE**

The Court allows the entry of appearance of counsel hired by the Puerto Rico Guaranty Association of Miscellaneous Insurance to represent the interests of its insured, Coca-Cola Puerto Rico Bottlers but declines to allow the entry of appearance of counsel for the Guaranty Association itself because it is not a party to this personal injury action against its insured.

I.  **BACKGROUND**

On May 5, 2017, Brenda Lee Maduro Colon filed a lawsuit in the United States District Court for the District of Puerto Rico against Coca-Cola Puerto Rico Bottlers, a/k/a CC1 Limited Partnership (Coca-Cola) and Real Legacy Assurance Company, Inc., claiming that she was injured while operating a motor vehicle on August 12, 2013 because of the negligence of an employee of Coca-Cola. *Compl.* (ECF No. 1). On July 17, 2017, Coca-Cola and Real Legacy Assurance answered the Complaint. *Answer to Compl.* (ECF No. 13).

On September 4, 2018, the Court ordered counsel to file a joint proposed pretrial order on or before October 1, 2018. *Order* (ECF No. 33). On October 1, 2018, the parties duly filed the joint pretrial report. *Jt. Proposed Pre-Trial Order* (ECF No. 35). However, also on October 1, 2018, the Defendants filed an informative motion requesting the rescheduling of the pretrial conference because the Commissioner of Insurance of the commonwealth of Puerto Rico had issued an order of rehabilitation against Real Legacy Assurance. *Informative Mot. Requesting Rescheduling of Pretrial Conf.* (ECF No. 36). In response, on October 2, 2018, Ms. Maduro Colon filed a motion to dismiss Real Legacy Assurance as a defendant. *Pl.'s Mot. to Dismiss Real Legacy Assurance Co., Inc.* (ECF No. 40). On October 3, 2018, Judge Gustavo A. Gelpi issued an order, granting the motion to dismiss Real Legacy Assurance, *Order Granting Mot. to Dismiss* (ECF No. 41), and Judge Gelpi issued a partial judgment, dismissing without prejudice Real Legacy Assurance the same day. *Partial J.* (ECF No. 43). On October 18, 2018, United States Magistrate Judge Marco E. Lopez held a pretrial and settlement conference and ordered:

> CC1 Limited Partnership is put on notice that, although they are entitled to change their legal representation, trial proceedings will not be delayed. The discovery of the case will not be reopened, and trial will not be postponed should they choose to change legal representation.

*Mins. of Proceedings* at 1 (ECF No. 44).

The case continued to move toward trial. On November 16, 2018, Ms. Maduro Colon filed two motions in limine. *Mot.* in Limine *to Preclude Def. Coca-Cola from Introducing Unnamed and/or Unknown Witnesses or Witnesses Never Disclosed During Disc.* (ECF No. 47); *Mot.* in Limine *to Preclude Def. Coca-Cola from Changing*

*its Factual Defenses and Theory* (ECF No. 48). On December 11, 2018 and December 18, 2018 respectively, the Court addressed these motions, *Order* (ECF No. 55); *Min. Entry* (ECF No. 63).

On January 4, 2019, Attorney Néstor J. Navas D'Acosta moved to withdraw as counsel for Coca-Cola, *Withdrawal of Legal Representation* (ECF No. 65), and on January 8, 2019, Judge Gelpi denied the motion without prejudice until new counsel appeared for Coca-Cola. *Order* (ECF No. 66).

On January 25, 2019, Coca-Cola moved to stay the proceedings due to the liquidation order dated January 18, 2019 of the Court of First Instance San Juan Part, which decreed Real Legacy Assurance Company insolvent. *Informative Mot. Requesting Stay of the Proceedings due to Liquidation Order Issued Against Real Legacy Assurance Company and Requesting Pretrial Conf. Scheduled for Jan. 29, 2019 be Left Without Effect* (ECF No. 71). On January 29, 2019, Magistrate Judge Lopez held the second pretrial conference and discussed Coca-Cola's January 25, 2019 motion:

> ECF No. 71 was discussed. There is consensus that Real Legacy Assurance Company is not a party in this case. However, it is defendant's contention that, as an insurer of CC1 Limited Partnership, Real Legacy Assurance Company is required to defend CC1 Limited Partnership and thus, it is encompassed by the stay order issued by the Court of the First Instance San Juan Part. However, it is plaintiff's position that this order issued by a local court does not bind a federal court.

*Mins. of Proceedings* at 1 (ECF No. 75).

On February 15, 2019, the case was reassigned to Senior United States District Judge John A. Woodcock, Jr. and on the same day, the matter was scheduled for a

pretrial/settlement conference before Judge Woodcock for February 21, 2019. *Order Reassigning Case* (ECF No. 76). On February 20, 2019, the day before the scheduled pretrial/settlement conference, the Puerto Rico Guaranty Association of Miscellaneous Insurance (Guaranty Association) through its Attorney Miriam González Olivencia moved to stay this case for a period of at least six months. *Mot. Requesting Stay of Proceedings Pursuant to Order of Liquidation* (ECF No. 80) (*Guaranty Mot. to Stay*). On February 21, 2019, the Court heard argument from Attorney González Olivencia on behalf of the Guaranty Association, from Attorney Navas D'Acosta on behalf of Coca-Cola, and from Attorney Sanchez-La-Costa on behalf of Ms. Maduro Colon. *Min. Entry* (ECF No. 83). The Court allowed the Guaranty Association to file a supplemental motion and for Ms. Maduro Colon to respond, and they did so on February 28, 2019 and on March 6, 2019 respectively. *Mot. Supplementing Req. for Stay of Proceedings and Req. for Intervention* (ECF No. 81) (*Guaranty Suppl. Mot.*); *Pl.'s Resp. in Opp'n to a Mot. to Stay Filed by a Non-Party P.R. Guaranty Assoc. Seeking to Radically Alter the Case* (ECF No. 84) (*Pl.'s Opp'n*).

In its supplemental motion, Guaranty affirmed that it would provide a defense and coverage to Coca-Cola "pursuant to the underlying provisions of the original policy issued by Real Legacy Assurance Company and Chapter 38 of the Insurance Code." *Guaranty Suppl. Mot.* at 3. Immediately thereafter, on March 13, 2019, Attorneys Navas D'Acosta and Carmen Lucía Rodríguez Vélez filed a second motion to withdraw as counsel for Coca-Cola. *Mot. Reiterating Withdrawal of Legal Representation* (ECF No. 85).

On March 15, 2019, the Court issued an order on Guaranty's motion to stay and Attorneys Navas D'Acosta and Rodríguez Vélez's motion to withdraw. *Order on Mot. to Stay Proceedings and Reiterated Mot. to Withdraw* (ECF No. 86). The Court granted the Guaranty Association's motion to stay the proceedings until July 19, 2019 to give the Guaranty Association an opportunity to "retain defense counsel to represent Coca-Cola in the Maduro Colon lawsuit, to assess Coca-Cola's liability for Ms. Maduro Colon's personal injuries, to analyze her claim of damages, and to make its own independent determination of the potential settlement value of her claim." *Id.* at 16-17. At the same time, the Court was concerned that Guaranty had not yet retained defense counsel and gave Guaranty until April 15, 2019 to file a report with the Court "explaining why it had not complied with its acknowledged duty to defend this case." *Id.* at 20-21.

On April 15, 2019, Attorney González Olivencia filed a document entitled, "Motion Complying with Court Order." *Mot. Complying with Ct. Order* (ECF No. 88). Attorney González Olivencia reiterated:

> So in summary, the Guaranty Association will provide defense to Coca Cola pursuant to the terms, limits and dispositions of Chapter 38 and the underlying policy it had with Real Legacy, and has suggested that Coca Cola retain counsel in excess of said terms, limits and dispositions.

*Id.* at 7. On April 16, 2019, in light of the representations in Guaranty's motion, the Court ordered Attorney González Olivencia to enter an appearance on behalf of Coca-Cola by April 19, 2019. *Order* (ECF No. 89). On April 17, 2019, Attorney González Olivencia moved for an extension of time within which to comply with the Court's

April 16, 2019 order and on April 17, 2019, the Court granted her motion for extension. *Mot. Requesting Extension of Time* (ECF No. 90); *Order* (ECF No. 91).

On April 25, 2019, Attorney Jaime L. Mayol Bianchi filed a Notice of Appearance. *Notice of Appearance* (ECF No. 92). The Notice of Appearance stated:

1. That the undersigned attorney will be representing the commercial entity COCA COLA PUERTO RICO BOTTLERS a/k/a CCI LIMITED PARTNERSHIP by means of the Puerto Rico Guaranty Association in the case of reference, jointly with attorney Miriam González Olivencia on behalf of the Puerto Rico Miscellaneous Insurance Guaranty Association.

WHEREFORE is hereby requested from this Honorable Court to authorize the undersigned attorney to represent Coca Cola Puerto Rico Bottlers a/k/a CCI Limited Partnership jointly with Mrs. Miriam González Olivencia, attorney for the Puerto Rico Miscellaneous Insurance Guaranty Association.

*Id.* at 1-2.

On April 25, 2019, Attorney González Olivencia filed a motion complying with the court order. *Mot. Complying with Ct. Order* (ECF No. 93). In her motion, Attorney González Olivencia affirmed that "the appearing party acknowledged its duty to *defend* Coca Cola, pursuant to an insurance policy issued by Real Legacy Assurance Company ("Real Legacy") to Coca Cola." *Id.* at 1 (emphasis in original). After receiving the Court's March 15, 2019 order, Attorney González Olivencia realized that she "could not provide dual representation to both the Guaranty Association and Coca Cola." *Id.* at 2. She observed that "[t]oday separate counsel filed a Notice of Appearance on behalf of Coca Cola." *Id.* She asked the Court to deem its order complied with. *Id.*

6

On April 26, 2019, Ms. Maduro Colon objected. *Pl.'s Resp. in Opp'n to Allowing a Non-Party P.R. Guaranty Assoc. to Appear in this Case Without a Cognizable and Real Interest or Standing* (ECF No. 94). Ms. Maduro Colon observed that Guaranty is not a party to this lawsuit and she contended that Guaranty should not be allowed to intervene and "impermissibly limit the damages recoverable in this case." *Id.* at 1. She noted that on October 3, 2018, this Court granted a motion to dismiss Real Legacy from this case. *Id.* at 1-2 (citing *Order* (ECF No. 41)). Even though the Court granted Guaranty's motion to stay the lawsuit, Ms. Maduro Colon argued that the Court never "allowed the non-party [Guaranty] to appear on this case on its own to litigate the merits of the case." *Id.* at 2. Ms. Maduro Colon observed that Guaranty has never moved to intervene in this lawsuit and contended that it had "no real interest" in its resolution. *Id.* Ms. Maduro Colon states that "[w]hatever limit Coca Cola is facing as to the amount of damages it may seek reimbursement from [Guaranty] . . . [is] not an issue in this personal injury case at all." *Id.*

On May 1, 2019, Attorney González Olivencia replied. *Mot. for Leave to Reply to Opp'n by Pl. to Allow a Non-party P.R. Guaranty Assoc. to Appear in the Captioned Case* (ECF No. 95). Attorney González Olivencia observed that its "intervention in the captioned case is based on Article 38.180 of the Insurance Code." *Id.* at 3. In Attorney González Olivencia's view, this statute "permits the appearance of [Guaranty] in any case." *Id.* She writes that Guaranty's "intervention in this case is to raise its statutory limits, which are $300,000.00 by law and as a result of the insolvency of Real Legacy Assurance Company, as well as all of the defenses afforded

7

to [Guaranty]." *Id.* Attorney González Olivencia insists that Guaranty has the right to "raise these statutory limits, and other special defenses afforded." *Id.* at 4-5. She says that Coca-Cola "cannot raise these defenses because it has no standing to do so." *Id.* at 5. On May 6, 2019, Ms. Maduro Colon filed a motion to strike Guaranty's Reply, arguing Guaranty had not asked the Court for leave to file the reply as required under the District of Puerto Rico's local rules and that, in any event, the Guaranty's arguments have been previously rejected by the Court. *Pl.'s Mot. to Strike Non-Party Guaranty Association's Reply* (ECF No. 96).[1]

## II. DISCUSSION

### A. Guaranty's Right to a Limited Appearance

The Court agrees with Guaranty's position but only to a very limited extent. Section 3818 of title 26 gives Guaranty the opportunity to vindicate the provisions of the statute in ongoing litigation. Thus, section 3818 empowered Guaranty to attempt to obtain a stay in pending litigation for six months or longer to allow Guaranty and its new insureds an adequate defense in all pending cases, and once obtained, to seek to enforce the stay in lawsuits pending against the insolvent insurer or its insureds. This is what Guaranty did in this case and it did so in a manner plainly authorized by the Puerto Rico statute.

### B. Guaranty's Right to a General Appearance

---

[1] Ms. Maduro Colon correctly observes that Guaranty filed a reply without first obtaining prior leave from the Court to do so in contravention of Local Rule 7 of this District. In view of the Court's conclusions, the Court dismisses as moot Ms. Maduro Colon's motion to strike (ECF No. 96).

8

Guaranty is seeking here, however, the right to intervene in pending litigation to protect its interests. Under article 20.030 of the Puerto Rico Insurance Code, a claimant is authorized to file a direct claim against the insurance company and, if the insolvent insurer were a party to the case at the time of insolvency, Guaranty would step in the shoes of the insolvent insurer. *See* Puerto Rico Insurance Code, § 20.030(1), P.R. Laws Ann. tit. 26, § 2003(1). However, here, by January 18, 2019, when the Insurance Commissioner of the Insurance Commissioner's Office of Puerto Rico filed a petition to convert the rehabilitation process for Real Legacy into a liquidation, Judge Gelpi had already dismissed Real Legacy as a party from the lawsuit, leaving the only parties as the Plaintiff Brenda Lee Maduro Colon and the Defendant Coca-Cola Puerto Rico Bottlers. Because Real Legacy had been dismissed from the lawsuit, Guaranty had no right to participate in this lawsuit beyond its statutory right to seek a stay.

In the Court's view, once Guaranty accepted its duty to defend and its duty to provide coverage for Coca-Cola, as it has done here, this case became like any other personal injury case. The insurer, Guaranty, had the obligation to provide a defense to its insured, Coca-Cola, by retaining a lawyer to defend Coca-Cola. The Court has no reason to conclude that the provisions of the defense in this circumstance are any different from the mine-run of lawsuits where a duty to defend exists under an insurance policy. Thus, Attorney Jaime L. Mayol Bianchi's entry of appearance is not for Guaranty but for Guaranty's insured, Coca-Cola, and he is obligated to act in the best interests of Guaranty's insured, Coca-Cola.

As Ms. Maduro Colon filed no direct action against Guaranty, or more precisely, as Real Legacy (and hence Guaranty) is no longer a party, any insurance coverage issues are not germane to the resolution of the pending personal injury action. If Attorney Mayol Bianchi successfully defends Coca-Cola, Guaranty will have complied with its obligation to provide a defense to its insured. If a verdict is issued in favor of Ms. Maduro Colon below Guaranty's $300,000 limits, presumably Guaranty will recognize its indemnification obligation. If a verdict is issued in favor of Ms. Maduro Colon in excess of Guaranty's $300,000 limits, then whether Guaranty's exposure is limited to $300,000 and whether Coca-Cola is exposed to the verdict in excess of coverage will be subject to later litigation. At that point, Attorney González Olivencia will be free to enter her appearance in any subsequent coverage litigation on behalf of Guaranty since Guaranty will be a party. At this point, however, Guaranty is not a party to this lawsuit and has failed to demonstrate any basis upon which it may be separately represented in a lawsuit between a claimant and its insured. If Guaranty wishes to challenge this determination, it is free to file a formal motion to intervene, explaining why it has a right to become a party in this litigation. To date, it is not and as such is not entitled to separate representation.

### III. CONCLUSION

The Court accepts Attorney Mayol Bianchi's entry of appearance on behalf of Guaranty's insured, Coca-Cola Puerto Rico Bottlers, but it declines to accept Attorney Mayol Bianchi's conditional appearance, namely that he is entering an appearance jointly with Attorney González Olivencia. The entry of appearance conditioned on

the joint entry of appearance on the part of Guaranty is inconsistent with Attorney Mayol Bianchi's overriding obligation to act in the best interest of Guaranty's insured and is not accepted.

The Court STRIKES Attorney González Olivencia's entry of appearance on behalf of Guaranty as Guaranty is not a party to this lawsuit. If Guaranty wishes to intervene in this lawsuit, it must do so by filing a formal motion to intervene, explaining the basis for its position that it has the legal right to do so. Finally, now that Coca-Cola is represented by insurance defense counsel selected by Guaranty, consistent with its April 15, 2019 Order (ECF No. 89), the Court sua sponte ORDERS that Attorneys Néstor J. Navas D'Acosta and Carmen Lucía Rodríguez Vélez are deemed withdrawn as counsel for Coca-Cola.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May 2019.